ROSA YOUNG *v.* EPPIE E. BARR.

UNLAWFUL DETAINER.  *Who may maintain.  Code* 1880, § 2645.  *"Assigns."*

Although the true boundary of an inclosed lot is uncertain and in dispute, a purchaser thereof from one who has been in peaceable possession for six years, claiming to a certain fence, is an "assign" of such person within the meaning of code 1880, § 2645, and may bring unlawful detainer against the adjoining lot-owner, who acquires possession of a strip thereof by forcibly moving back the fence, and this, though plaintiff receives his deed to the lot after such removal.

FROM the circuit court of Hancock county.
HON. S. H. TERRAL, Judge.

This is an action of unlawful detainer by Eppie E. Barr against Rosa Young, to recover a strip of land ten feet wide and three hundred and fifty feet in depth, lying along a disputed boundary between their respective lots. Plaintiff acquired her lot by purchase from Mrs. L. C. Shropshire. About eight years before that, Mrs. Shropshire had caused a survey of her lot to be made, and, in supposed conformity to it, had erected the fence dividing her lot from the adjoining lot, now owned by defendant. There is testimony tending to show that the then owner of the adjoining lot made no objection to the location of the fence, but bore one-half of the expense of its erection. However this may be, it is shown that Mrs. Shropshire continued in peaceable possession of the lot, as inclosed, until the 13th day of March, 1891, when

the appellant, Rosa Young, without the consent of Mrs. Shropshire or plaintiff, caused the fence to be removed and set back ten feet, thereby taking into .her own inclosure a strip of that width off the lot occupied by Mrs. Shropshire.

Prior to the removal of the fence, Mrs. Shropshire and plaintiff had negotiations relative to a sale of the lot, but the deed was not executed until the 19th day of March. Thereupon Mrs. Barr brought this action of unlawful detainer to recover possession of the strip of land.

There was much evidence on the trial relative to the true location of the boundary, each party relying upon the correctness of certain surveys which were variant, but, since the remedy invoked does not necessarily involve title, and, since the opinion is confined to the single point of whether, under code 1880, § 2645, the plaintiff had the right to bring unlawful detainer, it is not necessary to state the evidence or the arguments touching the question of title.

It is contended by appellant that said section of the code, which extends the remedy of unlawful detainer to the legal representatives or "assigns" of him who has been forcibly deprived of the possession of lands, does not apply in favor of plaintiff in this case, because, at the time the fence was removed, she was a stranger to the title.

It is further insisted by appellant, that, since the plaintiff had never been in possession of the disputed strip, but bases her right solely upon the statute, as being an assignee of Mrs. Shropshire, the burden is on her to show that by her deed she acquired title to the strip in dispute.

On the trial the court gave a peremptory instruction for the plaintiff. Judgment accordingly, and defendant appeals.

*Ford & Ford,* for appellant.

If the word "assigns" in the statute means the assignee of the right to sue for possession, which the assignor had, such an assignment must be in writing. If the word means the grantee or lessee of the land, it is submitted that the burden

is on the plaintiff to show a conveyance sufficient to convey the identical land in controversy. This has not been shown in this case.

*Robert Lowry*, on the same side.

I submit that § 2645, code of 1880, does not give the right to bring unlawful detainer, in a case like this, where the plaintiff has never been in possession, and cannot show title to the disputed land from one unlawfully dispossessed. It is not competent to inquire into the intention of Mrs. Shropshire or Mrs. Barr as to the quantity of land conveyed by the deed.

*E. J. Bowers*, for appellee.

Mrs. Shropshire had been in the undisputed possession of the strip in question for nearly nine years. The invasion was just such a wrong as is denounced by the statute, and by the decision in *Parker* v. *Eason*, 68 Miss., 290.

Mrs. Barr, as the vendee and assignee of Mrs. Shropshire, properly recovered judgment for possession of the premises.

*Nugent & McWillie*, on the same side.

As there is no dispute about Mrs. Shropshire having been in peaceable possession eight years prior to the ouster, her vendee, Mrs. Barr, was entitled to recover without reference to the true state of the title. *Loring* v. *Willis*, 4 How. (Miss.), 383; *Rabe* v. *Fyler*, 10 Smed. & M., 440; *Cummings* v. *Kilpatrick*, 23 Miss., 106.

COOPER, J., delivered the opinion of the court.

There can be no question that Mrs. Shropshire intended to convey to the appellee, and did convey if she herself had title, a lot of land two hundred and six feet wide, nor that the land in controversy is a part of this lot. Mrs. Barr is, therefore, the "assign" of Mrs. Shropshire, whose possession was unlawfully invaded, and may maintain the present action

just as Mrs. Shropshire might have done if she had continued owner.

The facts in reference to the entry by Mrs. Young are undisputed, and disclose that invasion of the right of the occupant which, as was stated in *Parker* v. *Eason*, 68 Miss., 208, the action of unlawful entry and detainer was given to remedy.

*The judgment is affirmed.*